UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRUSTEES OF THE ROCHESTER
LABORERS' WELFARE-S.U.B. FUND,
ROCHESTER LABORERS' PENSION
FUND, ROCHESTER LABORERS'
ANNUITY FUND, ROCHESTER LABORERS'   **DECISION AND ORDER**
APPRENTICE AND TRAINING FUND,
LABORERS' INTERNATIONAL UNION        6:23-CV-06108 EAW
OF NORTH AMERICA, LOCAL UNION NO. 435,

          Plaintiffs,

    v.

CHARLES SORCE,

          Defendant.
_____

## INTRODUCTION

Plaintiffs Trustees of the Rochester Laborers' Welfare-S.U.B. Fund, Rochester Laborers' Pension Fund, Rochester Laborers' Annuity Fund, Rochester Laborers' Apprentice and Training Fund, and Laborers' International Union of North America, Local Union No. 435 (collectively, "Plaintiffs") commenced an action on February 9, 2023, alleging that Defendant Charles Sorce ("Defendant") breached a collective bargaining agreement in which Defendant's LLC was required to make fringe benefit contributions under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. (Dkt. 1). Plaintiffs are suing Defendant in his individual capacity. (*Id.*).

- 1 -

Currently before the Court is Plaintiffs' motion for default judgment, filed on March 30, 2023. (Dkt. 7). Plaintiffs request judgment in the amount of $21,859.50 in employer contributions, interest, and liquidated damages, $1,716.00 in attorney's fees, and $527.00 in costs. (*Id.* at 4). Plaintiffs served the motion on Defendant via mail. (Dkt. 9). Defendant has not appeared or filed an answer in this action. For the reasons set forth below, Plaintiffs' motion for default judgment is denied.

## FACTUAL BACKGROUND

The following facts are taken from Plaintiffs' complaint and motion papers and are accepted as true in light of Defendant's default. *See Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.,* 699 F.3d 230, 234 (2d Cir. 2012) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability. . . .").

Plaintiffs are the named trustees of labor-affiliated funds administered in Rochester, New York. (Dkt. 1 at ¶¶ 1-3). A Joint Board of Trustees administers the funds, which were established pursuant to a collective bargaining agreement between Local Union No. 435 ("the union") and "certain [e]mployers and [e]mployer [a]ssociations" that employ union members. (*Id.* at ¶ 6). The funds must be administered consistent with ERISA, the Labor Management Relations Act ("LMRA"), and applicable federal and state laws. (*Id.*).

Defendant is the principal owner and officer of Insulation Coatings & Consultants, LLC ("Insulation Coatings") and is responsible for Insulation Coatings' day-to-day

operations as well as contribution payments to the funds. (*Id.* at ¶ 4). Insulation Coatings filed a Chapter 11 bankruptcy petition and is not a party in this action. (*Id.* at ¶ 21).

Insulation Coatings was a signatory to a collective bargaining agreement with the union.[1] (*Id.* at ¶ 8; Dkt. 7 at ¶ 8). Under the agreement, Insulation Coatings agreed to pay wages and employee fringe benefit contributions to the funds for each employee covered by the agreement. (Dkt. 1 at ¶ 10). The trustees of the funds are authorized to examine and copy the relevant business records of an employer that has signed the agreement to ensure that the employer is making the required contributions for their employees. (*Id.* at ¶ 13).

The funds audited Insulation Coatings for the period between June 1, 2018 and June 30, 2021, and determined that the employer was responsible for $55,684.38 in delinquent benefit contributions and deductions covering May-July 2022 and September 2022, interest, and liquidated damages. (Dkt. 7 at ¶ 10). Insulation Coatings paid $33,824.88, which reduced the outstanding audit balance to $21,859.50. (*Id.* at ¶ 11).

## PROCEDURAL BACKGROUND

Plaintiffs commenced this action against Defendant on February 9, 2023, alleging that they are entitled to damages pursuant to 29 U.S.C. §§ 1132(g)(2) and 1145. (Dkt. 1 at

---

[1]   The complaint and the instant motion each refer to both to a singular "Collective Bargaining Agreement" and plural "Collective Bargaining Agreements" between the union and Insulation Coatings. (*See* Dkt. 1 at ¶¶ 6-13; Dkt. 7 at ¶¶ 1, 8, 12-13). Since Plaintiffs submit into evidence one collective bargaining agreement (Dkt. 7-2), the Court proceeds under the impression that one agreement is applicable in this action.

- 3 -

¶ 14). Defendant was personally served on February 20, 2023. (Dkt. 4). Defendant failed to file a responsive pleading, and the Clerk of Court entered a default against Defendant on March 20, 2023. (Dkt. 6).

Plaintiffs filed the instant motion for a default judgment ten days later. (Dkt. 7). The Court ordered Defendant to respond by May 1, 2023. (Dkt. 8). Plaintiffs served a copy of the Court's Order and Plaintiffs' motion papers on Defendant via mail sent to the same address at which Defendant was personally served. (Dkt. 4; Dkt. 9). Defendant failed to respond.

## DISCUSSION

Federal Rule of Civil Procedure 55 sets forth the procedural steps for entry of a default judgment. First, a plaintiff must seek entry of default where a party against whom it seeks affirmative relief has failed to plead or defend in the action. Fed. R. Civ. P. 55(a). As noted above, Plaintiffs obtained an entry of default in this case. (Dkt. 6).

"Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also* Fed. R. Civ. P. 55(b). "[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability. . . ." *Cement & Concrete Workers*, 699 F.3d at 234 (quotation omitted); *see also Philip Morris USA Inc. v. 5 Brothers Grocery Corp.*, No. 13-CV-2451 (DLI)(SMG), 2014 WL 3887515, at *2 (E.D.N.Y. Aug. 5, 2014) ("Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability.") (citation omitted).

However, a district court "need not agree that the alleged facts constitute a valid cause of action." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quotation omitted). "It is within the sound discretion of the District Court whether to enter a default judgment pursuant to Rule 55(b)(2), based on the assessment of the circumstances of the case and an evaluation of the parties' credibility and good faith." *Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp. 2d 716, 726 (W.D.N.Y. 2011) (citation omitted). "[P]rior to entering default judgment, a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.'" *Truck Ins. Exch. v. Paonessa*, No. 18-CV-578, 2019 WL 451427, at *1 (W.D.N.Y. Feb. 5, 2019) (quoting *Mickalis Pawn Shop,* 645 F.3d at 137).

Here, Plaintiffs cannot establish that they have a valid cause of action based on this record. The complaint alleges that Defendant is an employer, agent of an employer, or agent acting in the interests of an employer under the LMRA and an employer under ERISA, which obligates an employer to contribute to a multi-employer plan pursuant to 29 U.S.C. § 1145. (*See* Dkt. 1 at ¶ 5). Defendant's personal liability is alleged to have arisen from his role as "the principal owner and officer of Insulation Coatings . . . responsible for all of its decisions pertaining to the payment of contributions to the [f]unds, including whether to pay contributions." (*See* Dkt. 7 at ¶ 9). Furthermore, "Defendant exercised authority or control with respect to the management or disposition of assets of Plaintiff [f]unds and is a fiduciary" under ERISA, pursuant to 29 U.S.C. § 1002(21)(A). (Dkt. 7 at ¶ 15). Plaintiffs argue that Defendant breached his fiduciary duty by failing to pay the

balance of the audit that identified delinquent contributions to the funds for which Plaintiffs are the trustees. (*See* Dkt. 7 at ¶¶ 16-18). Defendant's breach of his fiduciary duty thus makes him personally liable, according to Plaintiffs. (*Id.* at ¶ 19).

In support of their default judgment motion, Plaintiffs submit only a four-page motion (Dkt. 7) with four supporting exhibits. Plaintiffs provide a one-sentence "brief" in support of their motion, indicating that they are relying on their statements and allegations in the motion. (Dkt. 7 at 5). Plaintiffs have not otherwise articulated how the allegations in the complaint establish Defendant's liability as a matter of law nor provided adequate evidentiary support for the damages sought.

For example, Plaintiffs assert that Insulation Coatings is a party to a collective bargaining agreement with the union and submit an agreement between "LOCAL UNION No. 435 LABORERS INTERNATIONAL UNION OF NORTH AMERICA and the CONSTRUCTION INDUSTRY ASSOCIATION OF ROCHESTER, N.Y., INC. AND CERTAIN INDEPENDENT CONTRACTORS" as evidence of such. (*See id.* at ¶ 8; Dkt. 7-2). Yet nowhere in the agreement is Insulation Coatings named, nor is there any indication that Insulation Coatings is a signatory. Only the signatures of Aaron A. Hilger, Executive Director of the Construction Industry Association of Rochester, and Daniel Kuntz, Business Manager of Laborers' International Union of North America, Local No. 435, appear in the document. (Dkt. 7-2 at 46). The Court cannot conclude on this record that Insulation Coatings—let alone Defendant—is obligated under this collective bargaining agreement.

Plaintiffs fall even shorter in establishing Defendant's personal liability as a matter of law in these circumstances. No evidence is offered to demonstrate that Defendant is the owner and principal officer of Insulation Coatings. Plaintiffs submit no more than conclusory allegations that Defendant is an employer, agent of an employer, or agent acting in the interests of an employer as well as a fiduciary within the meaning of the LMRA and ERISA. Plaintiffs also fail to cite any law to support the argument that an individual owner of a limited liability corporation assumes personal liability in this situation. The Court notes that state law dictates whether an individual signatory to a collective bargaining agreement assumes personal liability for a breach. *See Int'l Ass'n of Sheet Metal, Air, Rail & Transp. Workers, Loc. Union No. 71 v. Lovejoy Metals, Inc.*, 495 F. Supp. 3d 174, 195 (W.D.N.Y. 2020). In New York, "[b]ecause a finding of personal liability is rare, there must be overwhelming evidence of the signatory's intention to assume personal liability." *Id.* (quotations omitted).

Finally, Plaintiffs offer scant evidence that Insulation Coatings was delinquent in benefits contributions or that the outstanding amount is $21,859.50 based on an audit. Aside from the factual allegations in their motion, Plaintiffs submit only an affidavit from the administrative manager of the Rochester Laborers' Local 435 Fringe Benefit Funds that essentially repeats the allegations. (*See* Dkt. 7-3). Plaintiffs, for instance, do not offer documents from the audit that would establish that a shortfall even exists.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for a default judgment (Dkt. 7) is denied. Should Plaintiffs choose to again move for a default judgment, Plaintiffs must submit a memorandum articulating the factual and legal bases for all aspects of the judgment and articulate and fully support the damages sought.

Plaintiffs shall serve a copy of this Decision and Order on Defendant and shall file proof of service of the same.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      December 19, 2023
            Rochester, New York